JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN B. LATHAM, an individual, on behalf of herself and all other similarly situated current and former employees,<br><br>                Plaintiff,<br>v.<br>LEE HECHT HARRISON LLC and DOES 1 through 100, inclusive,<br><br>                Defendants. | Case No.: 8:20-cv-01769-DOC-JDE<br>Judge: Hon. David O. Carter<br><br>*[Removed from the Orange County Superior Court, Case No. 30-2020-01142377-CU-OE-CXC]*<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing Date: July 11, 2022<br>Time:      8:00 a.m.<br>Location:  411 West Fourth Street<br>              Courtroom 10A<br>              Santa Ana, CA 92701 |

ORDER

    The Court considered all the papers and argument with regard to Plaintiff's Motion for Final Approval of Class Action Settlement and it appearing that notice of the Final Approval hearing substantially in the form approved by the Court, hereby FINDS AND ORDERS as follows:

    1.    The Court confirms that the settlement agreement attached as Exhibit 1 to the Declaration of Mark C. Thomas filed on March 7, 2022 ("Settlement Agreement") resulted from extensive arms-length negotiation and is approved as fair, reasonable and adequate.

    2.    In accordance with the Settlement Agreement, the Court hereby certifies a class pursuant to Federal Rules of Civil Procedure 23(b)(3) consisting of all class members (i.e., that did not opt out) in the litigation *Kathleen Latham v. Lee Hecht Harrison, LLC*, United States District Court for the Central District of California, Case No. 8:20-cv-01769 ("Settlement Class"). The Court finds that this Settlement Class, consisting of 397 individuals, is so numerous that joinder of all members is impracticable. The Court further finds that the Settlement Class is ascertainable. The Court finds that there are questions of law or fact that are common to the Settlement Class that predominate any individualized questions of law or fact. Such questions include whether Defendant Lee Hecht Harrison, LLC ("LHH") failed to pay its employees in compliance with Labor Code § 204, failed to pay its employees for all hours worked, failed to provide legally compliant meal periods and rest breaks, failed to reimburse its employees for business expenses, provided inaccurate wage statements, and otherwise engaged in unlawful conduct prohibited by the California Business & Professions Code.

    3.    The Court finds that the claims of Plaintiff Kathleen Latham are typical of the claims of the members of the class and that she will fairly and adequately protect the interests of the Settlement Class. Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. Accordingly, the Court confirms Kathleen Latham as Class

1 Representative and her counsel of record, the Law Office of Mark C. Thomas, APC
2 and the Pettis Law Firm LLP, are confirmed as Class Counsel for the Settlement
3 Class.

4     4.    Distribution of the Class Settlement Notice directed to the Class
5 Members as set forth in the Settlement Agreement has been completed in
6 conformity with the Preliminary Approval Order (dkt #36-37), including individual
7 notice to all Class Members who could be identified through reasonable effort, and
8 the best notice practicable under the circumstances. The Class Settlement Notice
9 provided due and adequate notice of the proceedings and of the matters set forth in
10 the Preliminary Approval Order, including the proposed settlement. The Class
11 Settlement Notice provided adequate and appropriate notice to all persons entitled
12 to such notice and therefore fully satisfied due process requirements. All members
13 of the Class are covered by and included within the settlement and within this Final
14 Approval Order, with the exception of two (2) class members who opted out prior
15 to the opt-out deadline of July 1, 2022.  No class members objected to the
16 Settlement.

17     5.    The Court thus approves the settlement and finds the settlement is, in
18 all respects fair, adequate, and reasonable, and directs the parties to effectuate the
19 settlement according to the terms and provisions of the Settlement Agreement, in
20 compliance with this Final Approval Order.

21     6.    Upon satisfaction of all payments and obligations in the settlement, and
22 except as to such rights or claims as may be created by the Settlement Agreement,
23 Plaintiff and all Class Members who did not timely submit requests for exclusion
24 by the opt-out deadline of July 1, 2022, hereby fully release and discharge
25 Defendant Lee Hecht Harrison, LLC ("Defendant") as described in Section 5 of the
26 Settlement Agreement.

27     7.    The Court hereby finds the monetary settlement of $3,000,000,
28 provided for in the Settlement Agreement to be fair, reasonable, and adequate.

8. The Court orders CPT Group to distribute the gross settlement amount including the individual settlement payments to the settlement class in accordance with the terms of the Settlement Agreement and this Final Approval Order.

9. The Court Grants Plaintiff's Motion for Attorney's Fees in the amount of $900,000.00, Reasonable Expenses incurred in the amount of $10,759.22, and a Service Award to Named Plaintiff Kathleen "Max" Latham in the amount of $20,000.00.

10. The Court further approves the payment of $11,000.00 to CPT Group for the claims administration costs pursuant to and made in accordance with the terms of the Settlement Agreement.

11. The Court approves the settlement of claims under the PAGA and the payment of $37,500 to the California Labor & Workforce Development Agency ("LWDA") as the LWDA's share of the settlement attributable to civil penalties under PAGA. The payment to the LWDA shall be made in accordance with the terms of the Settlement Agreement.

12. Without affecting the finality of this Final Approval Order and Judgment, the Court shall have and retain continuing jurisdiction over this litigation and over all parties and settlement class to the fullest extent necessary or convenient solely to address, enforce, and effectuate the terms of the Settlement Agreement and Final Approval Order and Final Judgment. If the settlement does not become final and effective in accordance with its terms, this Final Approval Order and Final Judgment, and all orders entered in connection herewith, it shall be vacated and have no further force or effect.

IT IS SO ORDERED.

DATED: July 8, 2022

*David O. Carter*
HON. DAVID O. CARTER
UNITED STATES DISTRICT COURT JUDGE